IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**KEVIN LADEXTER CARTER**                                        **PETITIONER**

**v.**                                                **No. 1:24CV208-MPM-RP**

**BURL CAIN, ET AL.**                                         **RESPONDENTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Kevin LaDexter Carter for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition as untimely filed under 28 U.S.C. § 2244(d)(2). The petitioner has not responded to the motion, and the deadline to do so has expired. The matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be granted and the instant petition for a writ of *habeas corpus* will be dismissed with prejudice as untimely filed.

### Facts and Procedural Posture[1]

Carter is currently in the custody of the Mississippi Department of Corrections (MDOC) and housed at the Marhsall County Correctional Facility. In his petition, he challenges his convictions for second degree murder, aggravated assault, felon in possession of a firearm – and the resulting sentences imposed by the Winston County Circuit Court. Doc. 1.

**Convictions and Sentences**

Carter was convicted in May 2018 in the Winston County Circuit Court for charges of second-degree murder, aggravated assault, and felon in possession of a firearm. *See* Doc. 7 at 92 (SCR, Vol. 1 at 88); Doc. 7-3 at 90–91 (SCR, Vol. 3 at 239–40). The trial court sentenced him

---

[1] The court has drawn the facts and procedural posture from the State's motion to dismiss the instant petition for writ of *habeas corpus*, as they are both well-documented and uncontested.

to serve a term of seventy years in MDOC custody—forty years on Count I for second degree murder; twenty years on Count II for aggravated assault to run consecutive to Count I; and ten years on Count III for possession of a firearm by a felon to run consecutive to Count I. *See* **Exhibit A**[2]; *see also* Doc. 7-1 at 93–94 (SCR, Vol. 1 at 89–90); Doc. 7-3 at 92–93 (SCR, Vol. 3 at 241–42).

**Direct Appeal**

Carter appealed his convictions and sentences, and his appellate counsel presented one issue – a challenge to the admission of prior acts of domestic violence against the victim. Doc. 7-6 at 1–12 (SCR, Brief of Appellant).

On October 1, 2019, the Mississippi Court of Appeals affirmed Carter's convictions and sentences. *See* **Exhibit B** (*Carter v. State*, 288 So. 3d 397 (Miss. Ct. App. 2019)). The court of appeals denied Carter's motion for rehearing on January 28, 2020, and the mandate of that court issued on February 18, 2020. *See* **Exhibits C, D**; *see also* Doc. 7-4 at 11, 15 (SCR, Case Folder). The record confirms that Carter received prompt notification of both the order denying his motion for rehearing and the issuance of the state court's mandate. Doc. 7-4 at 10, 12 (SCR, Case Folder).

On March 2, 2020, after the mandate had issued, Carter filed a motion requesting an extension of time to file a petition for writ of certiorari. Doc. 7-4 at 5–9 (SCR, Case Folder). On March 16, 2020, the Mississippi Supreme Court denied Carter's motion because he failed to timely seek certiorari review or request an extension of time to do so under state rules. *See* **Exhibit E**; *see also* Doc. 7-4 at 4 (SCR, Case Folder). The record confirms Carter's receipt of

---

[2] The exhibits referenced in this memorandum opinion may be found attached to the State's motion to dismiss.

that order. Doc. 7-4 at 3 (SCR, Case Folder).

**State Post-Conviction Proceedings**

Carter filed a motion for post-conviction relief in the Mississippi Supreme Court on May 16, 2023 (with a May 9, 2023, signature date). Doc. 7-7 at 20–71 (SCR, Cause No. 2023-M-00577). On October 16, 2023, the Mississippi Supreme Court denied Carter's motion for post-conviction relief as untimely under state law and held that Carter failed to meet any exceptions to the procedural bar. *See* **Exhibit F** (citing Miss. Code Ann. § 99-39-5(2)); *see also* Doc. 7-7 at 18 (SCR, Cause No. 2023-M-00577). The state court also held that "[n]otwithstanding the procedural bar," Carter "failed to make a substantial showing of the denial of a state or federal right." *See* **Exhibit F**; *see also* Doc. 7-7 at 18 (SCR, Cause No. 2023-M-00577).

Three months later, in January 2024, Carter filed a motion seeking "relief from [the] judgment," which the court treated as a motion for rehearing. Doc. 7-7 at 14–16 (SCR, Cause No. 2023-M-00577). On April 1, 2024, the Mississippi Supreme Court denied Carter's motion, holding that he was "not entitled to reconsideration" under Miss. R. App. P. 27(h) and that his motion was "filed outside the fourteen-day time limit provided under the rule." *See* **Exhibit G**; *see also* Doc. 7-7 at 12 (SCR, Cause No. 2023-M-00577).

Carter then filed an "En Banc Motion for Rehearing" (Doc. 7-7 at 5–10), which the state court dismissed on June 27, 2024, because he was "not entitled to reconsideration" a second time. *See* **Exhibit H**; *see also* Doc. 7-7 at 2 (SCR, Cause No. 2023-M-00577).

**Federal *Habeas Corpus* Proceedings**

Carter signed his federal petition for writ of *habeas corpus* on October 15, 2024, and his petition was filed in this Court on November 12, 2024. Doc. 1. Carter raises three grounds for relief in his petition, including violation of his rights to: (1) the "effective assistance of trial

counsel"; (2) a "public trial and impartial jury" – arguing that he was not allowed to strike a particular juror or jurors; and (3) a "fair trial without prosecutor misconduct" – alleging that the prosecutor "withheld exculpatory evidence" regarding the key witnesses' credibility and mental health background. Doc. 1 at 5–9.

In response to paragraph 18 concerning the timeliness of his petition, Carter uses the term "equitable tolling" and references the April and June 2024 orders in his state post-conviction case. Doc. 1 at 13. Carter also states that "AEDPA provides the one-year limitation period will be tolled while a properly filed application for state post-conviction is pending." Doc. 1 at 13. In his prayer for relief, Carter requests a "Rule 8 evidentiary hearing" and seeks "reversal and remand" of his convictions and sentences. Doc. 1 at 14.

## One-Year Limitations Period

For the reasons set forth below, the instant petition for writ of *habeas corpus* will be dismissed with prejudice as untimely filed. Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due

> diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

**Carter's Conviction Became Final on February 11, 2020**

The Mississippi Court of Appeals affirmed Carter's convictions and sentences on October 1, 2019, then denied his motion for rehearing on January 28, 2020. *See* **Exhibits B, C**; *see also* Doc. 7–4 at 15, 25–35 (SCR, Case Folder). Hence, under 28 U.S.C. § 2244(d), his convictions became final fourteen days later, on February 11, 2020, when the time expired for seeking further direct review in the state appellate court. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (when a petitioner fails to seek certiorari review in the Supreme Court, "the judgment becomes final at the 'expiration of the time for seeking such review'—when the time for pursuing direct review in [the Supreme Court], or in the state court, expires"); Miss. R. App. P. 17(b) (providing fourteen days for seeking certiorari review after the Mississippi Court of Appeals denied rehearing).[3]

After the appellate court's mandate issued, Carter filed a motion for an extension of time to seek certiorari review, and the state court dismissed the motion as untimely on March 16, 2020. See **Exhibit E**; see also Doc. 7-4 at 4–8 (SCR, Case Folder).

---

[3] Carter did not timely seek certiorari review in the Mississippi Supreme Court; as such, the court has added fourteen days, the time during which Carter could have sought certiorari review, to the date on which his direct appeal ended, to determine the finality of his convictions under § 2244(d)(1)(A). *See* Miss. R. App. P. 17(b). In failing to timely seek discretionary review, Carter "stopped the appeal process" and could not seek further direct review. *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). Hence, his convictions became final on February 11, 2020 (January 28, 2020, plus fourteen days).

Carter filed his untimely motion for an extension of the certiorari deadline *after* the mandate issued on direct appeal; as such, he is not entitled to extend the date of finality under § 2244(d)(1)(A) during the pendency of this improper motion. *See, e.g., Butler v. Cain,* 533 F.3d 314 (5th Cir. 2008) (holding that an untimely application under Louisiana law did not extend the finality of conviction under § 2244(d)(1)); *England v. Quarterman,* 242 F. App'x 155 (5th Cir. 2007) (unpub.) (concluding that a non-compliant motion for rehearing under state law did not suspend the finality of the conviction under AEDPA); *see also Jones v. Mississippi*, No. 4:14-cv-83-DMB-JMV, 2015 WL 631518, at *2 (N.D. Miss. Feb. 13, 2015) (holding that untimely certiorari petition filed after mandate did not extend the date of finality under 2244(d)(1)(A)).

Carter's federal *habeas corpus* deadline was February 11, 2021 (February 11, 2020 + 1 year) – absent statutory or equitable tolling. As discussed below, based on the record before the court, he enjoys neither form of tolling. Carter's petition for writ of *habeas corpus* is thus untimely and will be dismissed with prejudice. *See* 28 U.S.C. § 2244(d).

### Statutory Tolling Does Not Apply

Carter is not entitled statutory tolling for his untimely motion to extend the deadline to seek certiorari review (on direct appeal) – or for his untimely filed application for post-conviction collateral relief.

### Untimely Motion During *Direct Appeal*

The petitioner's motion to extend the deadline to seek certiorari review (filed after the mandate) during his attempt to prosecute a *direct appeal,* as discussed above, was not a "properly filed" motion *for post-conviction or other collateral relief* under 28 U.S.C. § 2244(d)(2). *See Wall v. Kholi*, 562 U.S. 545 (2011) (defining "collateral" review as review that is "not part of direct appeal process"). Indeed, the motion seeking an extension of time to seek

certiorari review was untimely under state appellate law (*see, e.g.,* Miss. R. App. P. 17), and *after* the issuance of the mandate. Carter thus does not enjoy statutory tolling while the improper direct appeal motion was pending.

### Untimely Application for State Post-Conviction Relief

Carter is likewise not entitled to statutory tolling while his untimely motion for post-conviction collateral relief was pending. As discussed above, Carter signed his post-conviction motion on May 9, 2023, and it was filed in the Mississippi Supreme Court on May 16, 2023. Doc. 7-7 at 20–71 (SCR, Cause No. 2023-M-00577). On October 16, 2023, the Mississippi Supreme Court denied Carter's post-conviction as untimely and, alternatively, as meritless. *See* **Exhibit F**; *see also* Doc. 7-7 at 18 (SCR, Cause No. 2023-M-00577). The petitioner then filed a motion in January 2024 seeking "relief" from the judgment, which the state court treated as a motion for rehearing – and denied it as both improper and untimely on April 1, 2024. *See* **Exhibit G**; *see also* Doc. 7-7 at 12–16 (SCR, Cause No. 2023-M-00577). The state court dismissed Carter's second request for reconsideration on June 27, 2024. Doc. 7-7 at 2 (SCR, Cause No. 2023-M-00577).

Carter's state motion for post-conviction relief was not properly filed because it was untimely. *See* 28 U.S.C. § 2244(d)(2); *see also Larry v. Dretke*, 361 F.3d 890, 893 (5th Cir. 2004) (an application for post-conviction relief is "properly filed" when it is delivered and accepted in compliance with the laws and rules regarding filings). For these reasons, the petitioner is not entitled to statutory tolling while the untimely post-conviction relief motion was pending.

In addition, statutory tolling is unavailable while the state post-conviction relief application was pending because it was filed *after* the federal *habeas corpus* limitations period

had expired. *See* 28 U.S.C. § 2244(d)(2) (allowing statutory tolling for a properly filed motion for post-conviction or other collateral review); *see also Jones v. Lumpkin*, 2 F.4th 486, 490 (5th Cir. 2022); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (a "state *habeas* application did not toll the limitation period under section 2244(d)(2) because it was not filed until *after* the period of limitation had expired").

Thus, the petitioner is not entitled to statutory tolling, and his deadline for seeking federal *habeas corpus* review remained February 11, 2021.

### Equitable Tolling Does Not Apply

Neither does the petitioner enjoy equitable tolling of the limitations period. "The doctrine of equitable tolling preserves a [petitioner's] claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (per curiam) (internal quotations omitted). The one-year limitations period of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") in 28 U.S.C. § 2244(d) is not jurisdictional; thus, it is subject to equitable tolling. *Holland v. Fla.*, 560 U.S. 631, 645–46 (2010), *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002).

The decision whether to apply equitable tolling turns on the facts and circumstances of each case. *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); *see also Alexander v. Cockrell*, 294 F.3d 626, 628 (5th Cir.2002) (per curiam). However, a court may apply equitable tolling only "in rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Minter v. Beck,* 230 F.3d 663, 666–67 (4th Cir.2000) ("[E]quitable tolling of the AEDPA's one year limitation period is reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result.") (quotation omitted).

The petitioner bears the burden of establishing that equitable tolling is warranted. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), modified on reh'g, 223 F.3d 797 (2000) (per curiam). To meet his burden, the petitioner must show "(1) that he has been pursuing his rights diligently, *and* (2) that some extraordinary circumstance stood in his way" of timely filing his § 2255 motion. *Lawrence v. Florida*, 549 U.S. 327, 127 S.Ct. 1079, 1085, 166 L.Ed. 2d 924 (2007) (applied in the context of the one-year limitations period of 28 U.S.C. § 2255) (emphasis added). The petitioner must meet both prongs of the equitable tolling standard. *Manning v. Epps*, 688 F.3d 177, 185 n.2 (5th Cir. 2012).

The petitioner need only show "reasonable diligence, not maximum feasible diligence." *Holland v. Florida*, 560 U.S. 631, 653, 130 S. Ct. 2549, 2565, 177 L. Ed. 2d 130 (2010) (internal citations and quotations omitted). A petitioner's delay of four months can show that he has not diligently pursued his rights. *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001).

**No Extraordinary Circumstances to Support Equitable Tolling**

Petitioners will seldom be able to show "extraordinary circumstances" sufficient to support a claim of equitable tolling. *Hardy v. Quarterman*, 577 F.3d 596 (5th Cir. 2009) (per curiam). A petitioner may invoke equitable tolling if he was "actively misled by the [respondent] about the cause of action or is prevented in some extraordinary way from asserting his rights." *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (citations omitted); *see also Davis v. Vannoy*, 762 F. App'x 208 (5th Cir. 2019). Indeed, to invoke equitable tolling, the untimeliness of a petition "must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006) (citing *Felder v. Johnson*, 204 F.3d 168, 174 (5th Cir. 2000)). An ordinary claim of excusable neglect will not support equitable tolling. *See Holland*, 560 U.S. 649–53. Indeed, "neither excusable

neglect nor ignorance of the law is sufficient to justify equitable tolling." *Sutton v. Cain*, 722 F.3d 312, 316 (5th Cir. 2013).

Carter's response to paragraph 18 of his federal *habeas corpus* petition regarding why his petition should be considered timely mentioned only "equitable tolling" – with no additional explanation (other than citation to two orders in his post-conviction proceedings in state court). Doc. 1 at 13.[4]

"[N]either a petitioner's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999). Carter provides neither facts, nor argument, nor citation to authority to show that he was actively misled or prevented in some extraordinary way from asserting his rights and timely seeking federal *habeas corpus* relief. As such, he may not invoke equitable tolling of the one-year *habeas corpus* limitations period.

**Carter Was Not Diligent in Pursuing His Rights**

Even if Carter had shown that his circumstances were "rare and exceptional" enough to merit equitable tolling, under the facts of this case, he has not shown that he diligently sought federal *habeas corpus* relief. To benefit from equitable tolling, the petitioner must show that he pursued § 2254 relief with reasonable diligence. *Holland,* 560 U.S. at 649, 653–54; *Palacios v. Stephens*, 723 F.3d 600, 605 (5th Cir. 2013) (comparing petitioner's diligence with that demonstrated by petitioners in similar circumstances). Determining whether a petitioner exercised "reasonable diligence" is a "fact-intensive inquiry" – one resolved by comparing the petitioner's diligence to that shown by other petitioners in similar circumstances. *Id*. at 653–54;

---

[4] Carter also argued that "AEDPA provides the one-year limitations period will be tolled while a properly filed application for state post-conviction is pending." Doc. 1 at 13. The court discussed this issue of statutory tolling in detail above. *See* 28 U.S.C. § 2244(d).

*Palacios v. Stephens*, 723 F.3d 600, 605 (5th Cir. 2013) (comparing petitioner's diligence with that of petitioners in similar circumstances).

In addition, the petitioner must show a causal relationship between the extraordinary circumstance and his delay, "a showing 'that cannot be made if [he], acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances.'" *Smith v. Vannoy*, 848 F. App'x 624, 628–29 (5th Cir. 2021). Indeed, a petitioner's actions "both before and after the extraordinary circumstances … may indicate whether he was diligent overall." *Jackson,* 933 F.3d at 411.

In this case Carter did not act with reasonable diligence to warrant equitable tolling of the limitations period. As discussed above, the Mississippi Court of Appeals denied Carter's motion for rehearing in his direct appeal in January 2020. Carter then waited over three years, until May 2023, to seek post-conviction collateral relief in state court. In addition, after the state court denied post-conviction relief, Carter waited another three months and filed an untimely and improper motion for reconsideration – followed by a second improper motion for reconsideration. He then waited nearly four months after the state court dismissed his second request for reconsideration before filing the instant federal petition. This series of unnecessary delays is fatal to Carter's invocation of equitable tolling.

"[T]hose who sleep on their rights" cannot make use of equitable tolling. *Huley v. Thaler*, 421 F. App'x 386, 390 (5th Cir. 2011) (citation omitted). Carter was not reasonably diligent in seeking federal *habeas corpus* relief and thus does not benefit from equitable tolling. *See Pace v. DiGuglielmo,* 544 U.S. 408, 419 (2005)).

**Timeliness Determination**

Under the prison "mailbox rule," the instant *pro se* federal petition for a writ of *habeas*

- 11 -

*corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was filed sometime between the date it was signed on October 15, 2024, and the date it was received and stamped as "filed" in the district court on November 12, 20224. Carter thus filed the instant petition over 3 ½ years after the February 11, 2021, filing deadline. As discussed above, he may not invoke statutory or equitable tolling to render his petition timely. For these reasons, the State's motion to dismiss will be granted, and the instant petition for a writ of *habeas corpus* will be dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion will issue today.

    **SO ORDERED**, this, the 25th day of September, 2025.

/s/ Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI